IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02069–KMT

JOEL STOVALL,

    Plaintiff,

v.

RICK RAEMISCH, Director of DOC, and
DEPUTY DIRECTOR OF DOC,

    Defendants.

## ORDER

This matter is before the court on Defendants' "Motion to Dismiss" (Doc. No. 19 [Mot.], filed January 12, 2015), to which Plaintiff filed his response on February 23, 2015 (Doc. No. 25 [Resp.]). Defendants did not file a reply.

### STATEMENT OF CASE

Plaintiff, proceeding *pro se*, brings this case pursuant to 42 U.S.C. § 1983, alleging the defendants violated his First Amendment right to freedom of the press. (*See* Doc. No. 10 [Am. Compl.].) Specifically, Plaintiff alleges that his rights have been violated because the Colorado Department of Corrections ("CDOC") has identified Edward R. Hamilton Booksellers as an unapproved vendor, and, therefore, Plaintiff cannot order books from that particular publisher. (Am. Compl. at 4.) Plaintiff seeks declaratory and injunctive relief in the form of an order

requiring Defendants to allow Plaintiff to order books from any publisher for delivery into CDOC facilities. (*Id.* at 8). Defendants move to dismiss Plaintiff's claims against them in their entirety.

## LEGAL STANDARDS

### *1.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

2.     *Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion

to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

### 3. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## ANALYSIS

### 1.   *Eleventh Amendment Immunity*

To the extent Plaintiff seeks monetary damages, Defendants move to dismiss the claims asserted against them in their official capacities as barred by Eleventh Amendment immunity. (Mot. at 5.) Defendants also move to dismiss claims for declaratory relief asserted against them in their official capacities. (*Id.*)

The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Suits against state officials in their official capacity should be treated as suits

against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief. *See Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007). Moreover, a § 1983 action may only be brought against a person. *See* 42 U.S.C. § 1983. Neither states nor state officials sued in their official capacity for monetary damages are persons within the meaning of § 1983. *Will*, 491 U.S. at 70–71.

Plaintiff's claims for money damages against the Defendants in their official capacities constitute claims against the CDOC. Therefore, Plaintiff's official-capacity claims for money damages are barred by the Eleventh Amendment and are dismissed for lack of subject matter jurisdiction. *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).

It appears that Plaintiff also seeks declaratory relief. (*See* Am. Compl. at 8.) Claims for injunctive and declaratory relief may, in some circumstances, proceed against an official in his or her official capacity. *See Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007). Whether the Eleventh Amendment provides immunity on a claim for injunctive or declaratory relief depends on whether the relief sought is truly prospective. *Id.* at 1258–59. If the relief sought is actually retrospective, it is barred by the Eleventh Amendment. *Id.* Here, it is unclear whether Plaintiff seeks prospective or retrospective declaratory relief. (*See* Am. Compl. at 8 ["Plaintiff may still be entitled to declaratory relief . . . ."].) To the extent Plaintiff seeks retrospective, however, his

claims are barred by the Eleventh Amendment and are dismissed for lack of subject matter jurisdiction.[1]

## 2. *Personal Participation*

The Defendants move to dismiss the claims against them for lack of personal participation. (Mot. at 6–7.)

The personal participation required to hold a person accountable in a § 1983 action is personal participation in the alleged constitutional violation. *See Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) ("To establish a supervisor's liability under § 1983 [the plaintiff] must show that an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.") (internal quotations omitted).

> A plaintiff may therefore succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional violation, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.

*Dodds v. Richardson*, 614 F. 3d 1185, 1199 (10th Cir. 2010).

Plaintiff alleges Defendant Deputy Director "enacted, or started enforcement of, a policy which prevents all Colorado DOC prisoners from purchasing books and all other publications from certain publishers . . . ." (Am. Compl. at 4.) Plaintiff alleges "[b]oth defendants utilize the unconstitutional policy and the Deputy Director is the one who established it." (*Id.*) Plaintiff

---

[1] The court will not address Defendants' argument that any claims asserted for compensatory damages should be dismissed, as it is clear that Plaintiff does not seek compensatory damages. (*See* Am. Compl. at 8.)

7

alleges Defendant Raemisch, as Executive Director of the CDOC, upheld the policy. (*Id.* at 3, 5.)

To the extent Plaintiff seeks to hold the defendants liable for the the implementation of the policy, "[p]ast input into the formulation of prison regulations . . . is a connection far too attenuated to support liability under § 1983." *Grimsley v. MacKay*, 93 F.3d 676, 680 (10th Cir. 1996). Moreover, Plaintiff fails to allege any facts that either defendant had any specific knowledge of his circumstances or that they "acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F. 3d at 1199.

Plaintiff's conclusory allegations show only a possible indirect involvement by the defendants in Plaintiff's claims and fail to allege the necessary personal participation required for individual liability under § 1983. *See Whitington v. Ortiz*, 307 F. App'x 179, 191 (10th Cir. 2009) (holding complaint failed, "except for conclusory allegations, sufficiently to allege the necessary direct personal participation" by former Executive Director of CDOC in the claimed injury). Accordingly, the claims against the defendants are dismissed.

### 3.    *Qualified Immunity*

The defendants, in their individual capacities, raise the defense of qualified immunity to Plaintiff's claims. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007). To overcome the defendants' claim of qualified immunity, the plaintiff must establish that the defendants' actions violated plaintiff's constitutional or statutory right and that the right at issue was clearly established at the time of the defendants' alleged unlawful conduct. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). "[C]ourts have discretion to decide which of the two prongs of the qualified immunity

analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).

As discussed above, Plaintiff has not established that the defendants violated Plaintiff's constitutional or statutory rights as to those claims, and the defendants are entitled to qualified immunity in their individual capacities as to those claims.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the "Motion to Dismiss" (Doc. No. 19) is **GRANTED**. It is further

**ORDERED** that judgment shall enter in favor of the defendants and against the plaintiff on all claims for relief and causes of action asserted in this case. It is further

**ORDERED** that this case is **CLOSED**.

Dated this 10th day of September, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge